IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

NATIONWIDE MUTUAL INSURANCE COMPANY                                    PLAINTIFF

V.                                                  CIVIL ACTION NO. 2:12-CV-00097-SA-JMV

FRED L. AND DEBBIE BAPTIST;
WILSHIRE CREDIT CORPORATION;
AND JOHN DOES A-C                                                      DEFENDANTS

MEMORANDUM OPINION

Presently before the Court is Plaintiff's Motion for Summary Judgment [40] seeking a declaratory judgment voiding an insurance policy purchased by Fred and Debbie Baptist. After reviewing the motion, responses, rules, and authorities, the Court finds the following:

FACTUAL AND PROCEDURAL BACKGROUND

Defendants Fred and Debbie Baptist ("Baptists") purchased a homeowner's policy from Plaintiff Nationwide Mutual Insurance Company ("Nationwide") on October 20, 2006. The policy covered the Baptists' home at 65 Bailey Road, Nesbitt, Mississippi, and the initial policy term was for a period of one year. On November 13, 2008, The Bank of New York purchased the Baptists' home at a foreclosure sale and thereafter attempted to remove the Baptists from the property. The Baptists attempted to have the foreclosure set aside by filing suit in federal court but were unsuccessful. See Baptists v. The Bank of New York Mellon, 2010 WL 1539973 (W.D. Tenn. 2010). Despite the foreclosure, the policy was renewed four times following the expiration of the initial term in 2007.

On December 27 and 28, 2011, the insured property suffered significant damage from fire, and the Baptists filed a claim against their homeowner's policy. The Baptists had previously filed claims and received payments from Nationwide for incidents occurring on April 25, 2010 and

May 4, 2010. Nationwide brought this action on June 6, 2012 seeking a judicial determination of the parties' rights and responsibilities with regard to the homeowner's policy. Nationwide then filed the present motion for summary judgment on June 7, 2013 asserting that no genuine issue of material fact exists and that Nationwide is entitled to judgment as a matter of law.

SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals both that there is no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when ... both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory

allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir.1997); Little, 37 F.3d at 1075.

ANALYSIS AND DISCUSSION

Nationwide argues that the Baptists had no insurable interest in the insured property after the foreclosure sale and therefore the Court should allow it to void their insurance policy as against public policy. In the alternative, Nationwide seeks relief from payment of the December 2011 claim due to the Baptists' allegedly material misrepresentation and an increased hazard following the foreclosure. In response, the Baptists argue that they had an insurable interest at the inception of the policy and maintained an insurable interest in the contents of the property, that there was no increased risk or hazard to the property, and that they made no misrepresentations to Nationwide. As the Court finds the policy at issue void due to the foreclosure of the insured property, the Court need not address the issues of increased hazard or material misrepresentation.

It is undisputed that the Baptists lost their home, the insured property, in 2008 due to foreclosure. As such, the Baptists ceased to have any interest in the property once it was purchased by The Bank of New York on November 13, 2008. "After a foreclosure sale, the debtor is divested of all legal and equitable interest in the foreclosed property." Moore v. Marathon Asset Mgmt., LLC, 973 So. 2d 1017, 1021 (Miss. Ct. App. 2008) (internal citations omitted); Dean v. Simpson, 235 Miss. 162, 170-71, 108 So. 2d 546, 549 (Miss. 1959) (no right of redemption survives foreclosure of mortgage and sale of land under Mississippi law). Though the Baptists filed suit in an attempt to have the foreclosure set aside, it is clear that they had no rights or

interests in the property whatsoever after November 2008. Additionally, the Baptists allow that the only insurable interest in the property during the relevant times may belong to the 2008 purchaser.[1]

Mississippi law requires a purchaser of property insurance to have an insurable interest in the subject property at the time of purchase and at the time of loss. "Mississippi follows the general rule that in order to be entitled to proceeds from an insurance policy, the purchaser of the policy must have an insurable interest in the property or life insured." Aetna Cas. & Sur. Co. v. Davidson, 715 F. Supp. 775, 776 (S.D. Miss. 1989) (citing Southeastern Fid. Ins. Co. v. Gann, 340 So. 2d 429 (Miss.1976); Nat'l Life & Acc. Ins. Co. v. Ball, 157 Miss. 163, 127 So. 268 (Miss. 1930)); Rentrop v. Trustmark Nat'l Bank, 2008 WL 4371375, *2 (S.D. Miss. 2008) (citing Estate of Murrell v. Quin, 454 So. 2d 437, 444 (Miss. 1984)). "The reason for the rule requiring an interest in property upon which insurance is sought is to prevent the coverage from becoming a wagering contract contrary to public policy." Southeastern Fid. Ins. Co., 340 So. 2d at 434.

The Baptists argue that they had an insurable interest at the inception of the policy and that, even if they had no insurable interest in the property itself after the foreclosure, they at all times had an undisputed insurable interest its contents. In support of their position, they point to a Southern District case with a similar fact scenario in which the court denied the insurer's motion for summary judgment because of disputed factual issues regarding contents coverage. State Farm Fire & Cas. Co. v. Ramsey, 719 F. Supp. 1337 (S.D. Miss. 1989). As is the case here, the defendant in State Farm had an undisputed insurable interest in the insured property at the time he purchased the relevant homeowner's policy but subsequently lost his interest as a result of

---

[1] "[I]t is foreseeable that the insurable interest in the home structure belonged to the 2008 purchaser (and his heirs and assigns). . . ." Def. Resp. at 6.

foreclosure proceedings. Id. at 1339. Like the Baptists, the defendant continued to occupy the property despite the foreclosure until it was later destroyed by fire. Id. Despite the defendants' initial insurable interest, the Southern District found the defendants had no insurable interest in the property at the time of the claim and granted the insurer's motion for summary judgment as to coverage of the dwelling. Id. at 1341-42. However, the court found genuine issues of disputed fact existed as to the coverage of the property's contents and denied the motion as to that issue. Id. at 1344. The Baptists argue that their insurable interest in the contents of the property at issue in the case *sub judice* likewise prevents the Court from granting Nationwide's motion.

Despite its similarities, the Court finds State Farm distinguishable. In that case, the purchase of the policy, foreclosure of the insured property, and claim for benefits all occurred within the original policy period. Id. at 1339. While the defendants had clearly lost their insurable interest to the dwelling, nothing had occurred to void the policy altogether or otherwise affect any potential contents coverage. The issue here, however, is whether the Baptists had a right to renew their homeowner's policy after they lost ownership of the insured property. Nationwide contends they did not and that the policy is void *ab initio* in its entirety for each of the renewal periods following the foreclosure.

"[W]hen a contract is in contravention of public policy. . . . the individual interests of the immediate parties are subordinated to the superior concern of the public in general, so that. . . . there is nothing that the particular parties to the contract may do which will make it otherwise than it was *ab initio* - void as against public policy, and therefore nonenforceable by the courts." Ball, 127 So. at 268 (finding a life insurance policy unenforceable despite the insurer's collection of premiums and knowledge of insured's lack of insurable interest); Estate of Murrell, 454 So. 2d at

5

444 ("[A]n insurable interest is not dependent upon payment of the premium.").

The application for insurance signed by Fred Baptist states in pertinent part, "I am applying for issuance of a policy of insurance and, at its expiration, for appropriate renewal policies issued by Nationwide Mutual Insurance Company and/or other members of the Nationwide group of insurance companies." The Baptists have failed to establish a genuine issue of material fact exists with respect to Nationwide's claim that they were ineligible for the renewal policies issued after the 2008 foreclosure. Indeed, the Baptists have not submitted any evidence of facts contradicting Nationwide's argument. As such, the Court finds the Baptists had no insurable interest in the subject property at the time the renewal policies were issued, the Baptists were therefore ineligible for such renewal policies, and consequently, the renewal policies are void.

## CONCLUSION

Accordingly, the Court finds Defendants have failed to establish a genuine issue of material fact entitling them to a trial on the merits and as such, the Plaintiff's Motion for Summary Judgment [40] is GRANTED.[2] Additionally, as the Court finds the policy at issue to be void for the renewal periods after the 2008 foreclosure, Nationwide is entitled to recover all benefits paid for the two undisputed claims filed during those periods.

SO ORDERED on this, the 10th day of September, 2013.

                 **/s/ Sharion Aycock**
                 **U.S. DISTRICT JUDGE**

---

[2] Plaintiff failed to serve Defendant Wilshire Credit Corporation in accordance with Federal Rule of Civil Procedure 4(m) despite two notices from the Court. As such, the Court hereby dismisses Plaintiff's claims against Wilshire Credit Corporation without prejudice.